1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   UNITED STATES,                           No. C-11-02065  EDL

11              Plaintiff,                     **REPORT AND RECOMMENDATION
                                              RE: PLAINTIFF'S MOTION FOR
12     v.                                      PARTIAL DEFAULT JUDGMENT AS TO
                                              DEFENDANT CHINA CHINA,
13   CHINA CHINA INC., et al.,                 PLAINTIFF'S MOTION FOR PARTIAL
                                              DEFAULT JUDGMENT AS TO
14              Defendants.                    DEFENDANT JENN JI CHU AND
                                              PLAINTIFF'S MOTION FOR DEFAULT
15   _____/         PERMANENT INJUNCTION**

16          On April 27, 2011, Plaintiff United States of America filed suit against Defendants China

17   China, Inc. and Jenn Ji Chu, the manager and sole shareholder of China China, seeking to reduce to

18   judgment tax assessments for specified periods and to enjoin Defendants from engaging in activity

19   that interfered with the internal revenue laws.  After Defendants failed to answer the complaint or

20   otherwise make an appearance in this case, the clerk of the court entered default on June 8, 2011.

21   On July 21, 2011, Plaintiff filed motions for default judgment against both China China and Chu,

22   and on July 25, 2011, filed a motion for permanent injunctive relief against Defendants.  Plaintiff

23   served Defendants with notice of the motions and the hearing date.

24          The Court held a hearing on August 30, 2011.  Plaintiff appeared at the hearing though

25   counsel Thomas Newman.  Defendants did not appear at the hearing.  Although Plaintiff has

26   consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), Defendants have not.

27   Therefore, the Court will reassign this matter to a district judge with this Report and

28   Recommendation to grant Plaintiffs' motions.

**United States District Court**
For the Northern District of California

**Motions for Default Judgment against China China and Chu**

In these two motions, Plaintiff seeks default judgment against China China in the amount of $1,610,833.94, and against Chu in the amount of $427,170.62 under the first count of the complaint to reduce tax assessments to judgment.

### A.    Legal Standard

Following entry of default, a district court may grant default judgment. See Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The general rule is that, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Necessary facts not contained in the  pleadings, and claims which are legally insufficient, however, are not established by default. Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th  Cir.1992). Entry of default judgment requires the consideration of  several factors, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### B.    Background

As an employer, Defendants are required to withhold federal income taxes and Federal Insurance Contributions Act (FICA) taxes from their employees' wages. See 26 U.S.C. §§ 3102, 3402; Compl. ¶ 7. Employers are generally required to deposit, with an authorized government depository, the withheld income taxes and FICA taxes either monthly or semi-weekly. See 26 U.S.C. § 6302; Compl. ¶ 8.

Employers must also pay their own portion of FICA taxes and Federal Unemployment Tax Act (FUTA) taxes. See 26 U.S.C. §§ 3111, 3301; Compl. ¶ 9. In addition, employers are required to file: (1) Employer's Quarterly Federal Tax Returns (Form 941) reporting the income and FICA taxes withheld from the employees' wages as well as their own FICA taxes; (2) Employer's Annual

Federal Unemployment Tax Returns (Form 940) reporting FUTA taxes.  See 26 U.S.C. §§ 6011, 6071; 26 C.F.R. § 31.6071(a)-1; Compl. ¶ 10.  Moreover, employers are required to pay any taxes due on their Forms 940 and Forms 941 without assessment or notice and demand from the IRS and to pay them no later than the time they are required to file the tax returns.  See 26 U.S.C. § 6151; 26 C.F.R. § 55.6151-1; Compl. ¶ 11.

According to the complaint, China China is required to file tax returns that report employment and unemployment tax liabilities.  Compl. ¶ 12.  The IRS has attempted to collect delinquent employment and unemployment taxes from Defendants since at least 2005.  Compl. ¶ 17.  From that time, Defendant China China has failed or refused to file employment and unemployment tax returns, including Forms 940 and 941.  Compl. ¶¶ 20-21.  China China has failed to file its quarterly Forms 941 for the tax quarters from January 1, 2004 through March 31, 2007 and each quarter in 2009.  Compl. ¶ 12.  China China has also failed to file its annual unemployment tax returns, Forms 940, for 2004-2007 and 2009.  Compl. ¶ 13.

From 2004  through the present, Chu has been the individual at China China who is responsible hiring and terminating employees, for filing tax returns with the IRS, managing employees, writing checks for the business and controlling bank accounts associated with China China.  Compl. ¶¶ 14, 22.  Chu has failed to collect and pay taxes that are required to be withheld from wages of China China's employees.  Compl. ¶ 21.  As part of Plaintiff's collection efforts, the IRS met with Chu and informed him of the obligation to make federal tax payments, pay federal taxes and file timely tax returns.  Compl. ¶¶ 17-18.

Aside from failing to file tax returns, Defendants have also failed to deposit withheld employment taxes at a depository bank.  Compl. ¶ 16.  In addition, Defendant Chu has failed to file individual income tax returns for the years 1996 through 2003.  Compl. ¶ 17.

Because China China failed to file Forms 940 and 941, a duly authorized delegate of the Secretary of the Treasury made assessments against China China pursuant to 26 U.S.C. § 6020(b) for federal employment taxes, FUTA taxes, penalties, interest and other statutory additions.  Compl. ¶ 20.  The total amount due as of December 17, 2010 on China China's tax liabilities is $1,610,833.94.  Id.

United States District Court
For the Northern District of California

1         Due to Chu's failure to collect, truthfully account for and pay taxes to Plaintiff that were

2  required to be withheld from wages paid to China China employees, a duly authorized delegate of

3  the Secretary of the Treasury assessed a Trust Fund Recovery Penalty on Chu pursuant to 26 U.S.C.

4  § 6672.  Compl. ¶ 21.  The total amount of the penalty is $427,170.62.  Id.

5      **C.**        **Discussion**

6         The Eitel factors strongly weigh in favor of entering default judgment.  First, the complaint

7  alleges that Defendants have failed to file tax returns or pay taxes over a lengthy period of time.  Yet

8  Defendants' employees are credited, through withholding, for amounts that Defendants never

9  actually withheld and paid.  Accordingly, denial of default judgment risks continuing losses and

10  prejudice to Plaintiff.

11         As for the second and third factors, the merits of Plaintiff's lawsuit and the adequacy of the

12  complaint are well established based on the IRS statutory scheme for deduction, withholding and

13  payment of employment and unemployment taxes, and Defendants' failure to comply with those

14  requirements.  The complaint reflects that Defendants were subject to the employment tax reporting

15  requirements, yet they did not file Forms 940 and 941 for many years and did not make the required

16  deposits for those years.

17         For the same reasons, and because Defendants have had several opportunities to either pay

18  or contest the liability, the material facts of the case do not appear reasonably subject to dispute,

19  thereby satisfying the fifth factor.  Further, as to the fourth factor, although a relatively large sum of

20  money is involved, it represents liability accrued by both Defendants over multiple tax years.

21         As to the sixth factor, it does not appear that Defendants' failure to participate in this case

22  was due to excusable neglect.  Plaintiff filed its complaint on April 27, 2011, Defendants were

23  served on May 10, 2011, and Defendants' answer was due on May 31, 2011.  Although Defendants

24  were served with the Application for Entry of Default on June 6, 2011, they have made no

25  appearance in this case.

26         Finally, while resolution of cases on their merits is preferable, the length of this tax dispute

27  and Defendants' failure to appear in the case suggest that resolution on the merits is highly unlikely.

28  In sum, Plaintiff has established that it is entitled to entry of default judgment.

### D. Conclusion

Plaintiff's motion for partial default judgment against China China should be granted in the amount of $1,610,833.94. Plaintiff's motion for partial default judgment against Chu should be granted in the amount of $427,170.62.

## Motion for Default Permanent Injunction

Count 2 of the complaint seeks an injunction preventing Defendants from interfering with the administration of the internal revenue laws. Although the pleading seeks a permanent injunction, Plaintiff clarifies in the motion that it seeks an injunction for five years from entry of judgment. See Mot. at 1, n. 1.

### A. Background

In addition to the allegations described above, the complaint alleges that Defendants are substantially interfering with the internal revenue laws by failing to fulfill their employment tax payment obligations and by failing to file employment tax returns. Compl. ¶ 27. Further, Plaintiff allegedly lacks an adequate remedy to prevent additional pyramiding of tax liabilities and will suffer irreparable harm as a result of a continued pattern of non-compliance with the tax laws. Compl. ¶¶ 28-29. Plaintiff alleges that the harm suffered by the government outweighs any harm to Defendants by forcing them to pay employment taxes and to comply with their employment tax obligations. Compl. ¶ 29. In the absence of an injunction, Plaintiff alleges that Defendants are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws. Compl. ¶ 31.

### B. Discussion

When ordering an injunction under the express authority of a federal statute, a court need not be restricted by the traditional requirements for equitable relief. A statute that authorizes an injunction to enforce a federal obligation "affects the balance of factors" to be considered as Congress "has decided the order of priorities." U.S. v. Odessa Union Warehouse Co-op, 833 F.2d 172, 174–75 (9th Cir.1987) (affirming an order of injunction pursuant to the Food, Drug, and Cosmetic Act). Here, Plaintiff seeks an injunction pursuant to section 7402(a) of the Internal Revenue Code, which gives district courts authority to issue injunctions as necessary to enforce internal revenue laws. 26 U.S.C. § 7402(a).

**United States District Court**
For the Northern District of California

1    The Ninth Circuit has not provided specific guidance as to the standard for issuing an

2    injunction under section 7402(a), although it has made clear that the provision affords the trial court

3    broad discretion in procedural matters relating to enforcement of tax laws.  See U.S. v. Asay, 614

4    F.2d 655, 661–62 (9th Cir.1980); see also United States v. Estate Preservation Servs., 202 F.3d

5    1093, 1098 (9th Cir. 2000) (with respect to section 7408 of the Internal Revenue Code, which also

6    provides for injunctive relief: "The traditional requirements for equitable relief need not be satisfied

7    since Section 7408 expressly authorizes the issuance of an injunction."); U.S. v. Thompson, 395

8    F.Supp.2d 941, 945–46 (E.D. Cal. 2005) (finding that the government need only show that an

9    injunction is appropriate for the enforcement of the internal revenue laws, when ordering an

10   injunction under section 7402(a)).  However, some district courts in this circuit have held that

11   traditional equitable factors must be examined before ordering an injunction pursuant to section

12   7402(a).  See United States v. Molen, 2003 U.S. Dist. LEXIS 23798 (E.D. Cal. Sept. 30, 2003)

13   (granting preliminary injunctive relief under section 7402(a) and examining traditional equitable

14   principles); United States v. Cohen, 222 F.R.D. 652, 654 (W.D. Wash.2004) (requiring a showing of

15   the traditional equity factors before ordering an injunction under section 7402).  Under any

16   interpretation of the court's powers afforded by section 7402(a), the requirements specified in the

17   statute must be met.  See Brody v. United States, 243 F.2d 378, 384 (1st Cir. 1957) (stating that: "it

18   would be difficult to find language more clearly manifesting a congressional intention to provide the

19   district courts with a full arsenal of powers to compel compliance with the Internal Revenue laws.").

20   Accordingly, any remedy ordered pursuant to this provision must be "necessary or appropriate for

21   the enforcement of internal revenue laws." 26 U.S.C. § 7402(a).  In this case, Plaintiff has not only

22   met the statutory requirements for injunctive relief, but has also established the traditional equitable

23   factors entitling it to injunctive relief.

24                   **i.       Statutory requirements**

25        Section 7402(a) provides:

26        The district courts of the United States at the instance of the United States shall have
          such jurisdiction to make and issue in civil actions, writs and orders of injunction,
27        and of ne exeat republica, orders appointing receivers, and such other orders and
          processes, and to render such judgments and decrees as may be necessary or
28        appropriate for the enforcement of the internal revenue laws. The remedies hereby
          provided are in addition to and not exclusive of any and all other remedies of the

1   United States in such courts or otherwise to enforce such laws.

2   26 U.S.C. § 7402(a).  Plaintiff argues that an injunction requiring Defendants to stop pyramiding

3   employment taxes and to timely file appropriate returns is necessary and appropriate for the

4   enforcement of the internal revenue laws.  As stated above, the internal revenue code requires

5   employers to withhold federal income and FICA taxes from their employees' wages, and deposit

6   those amounts, in addition to their own FICA and FUTA contributions, with appropriate financial

7   institutes for payment to the IRS.  Employers must file quarterly and annual employment tax returns,

8   and must issue W-2 Forms to their employees.  China China has continuously and repeatedly failed

9   to satisfy these obligations.  This conduct justifies injunctive relief under section 7402(a).  See

10   United States v. Thompson, 395 F. Supp. 2d 941, 946 (E.D. Cal. 2005) ("Because of defendant's past

11   violations of federal tax laws, his continuous challenges to the authority of the courts and the entire

12   federal tax system, and his ability to reopen his business after his term of incarceration, a statutory

13   injunction under IRC § 7402(a) is necessary for the enforcement of internal revenue laws."); United

14   States v. Molen, 2003 U.S. Dist. LEXIS 23798 (E.D. Cal. Sept. 30, 2003) (granting preliminary

15   injunctive relief under section 7402(a) where the defendants failed to pay employment taxes for

16   many  years); see also United States v. Sifuentes, 2005 U.S. Dist. LEXIS 38055 (W.D. Tex. Nov.

17   28, 2005) (ordering injunctive relief under section 7402(a) where the defendant failed to comply

18   with the withholding requirements for many years).

19       Further, Plaintiff argues that Defendants' conduct undermines the premise of the federal tax

20   system that employment taxes should be collected by the employer through wage withholding.

21   See United States v. Baral, 528 U.S. 431, 436 (2000) (stating that payroll withholding is not a

22   separate tax, but a method of tax collection).  Plaintiff points to the statutory scheme to argue that

23   the government relies on employers to accurately and timely report wages and taxes withheld from

24   those wages.  Plaintiff has made a showing that a permanent injunction, for five years, is likely to

25   compel Defendants' compliance with the law.

26       Accordingly, Plaintiff has met its burden of showing that an injunction in this case satisfies

27   section 7402(a), and that injunctive relief should be ordered on that basis.

28

**United States District Court**
For the Northern District of California

### ii. Traditional equitable principles

If traditional equitable principles must be satisfied before an injunction can be entered under section 7402(a), Plaintiff has also established entitlement to injunctive relief under that standard. Those equitable factors include: (1) a likelihood of success on the merits and a possibility of irreparable injury, or (2) the existence of serious questions on the merits and a balance of hardships tipping in its favor. <u>Fund for Animals, Inc. v. Lujan</u>, 962 F.2d 1391, 1400 (9th Cir. 1992).

### (a) Strong likelihood of success

Plaintiff has a strong likelihood of success. Defendants' obligation to file tax returns and withhold employment taxes is mandatory, not optional. As described above, Defendants are required to withhold federal income tax and FICA taxes from employee wages, and to hold these funds in trust for the United States. 26 U.S.C. §§ 3102(a), 3402(a). Further, an employer is liable for the payment of the tax required to be deducted and withheld. 26 U.S.C. § 3403. In addition, employers are required to pay their own share of FICA taxes, as well as FUTA taxes. 26 U.S.C. §§ 3111, 3301. Employers are required to deposit the withheld income taxes and FICA taxes either monthly or semi-monthly, and are required to file Forms 941 and 940. 26 U.S.C. § 6151(a). Payment of these taxes is required to be without assessment or demand, no later than the date they are required to file returns. 26 U.S.C. § 6151(a). There is no exception directed at Defendants, so like every employer, they are required to report and pay employment taxes. The pattern of filing to pay and the failure to participate in this litigation supports Plaintiff's strong likelihood of success on the merits.

### (b) Irreparable harm

Plaintiff has made a showing that it will suffer irreparable harm if a permanent injunction is not entered. Despite the total tax obligation of both Defendants in excess of $2 million, these Defendants continue to operate their business, to ignore IRS inquiries and to fail to file Forms 940 and 941. The public will suffer irreparable harm because of the lost revenue, as well as because of the considerable expense to collect the taxes through levy and the preparation of returns. <u>See</u> <u>United States v. Schulz</u>, 529 F. Supp. 2d 341, 353 (N.D. N.Y. 2007) (analyzing injunctive relief under a different section of the IRS code, and stating that the time spent by IRS officers preparing substitute

United States District Court
For the Northern District of California

1  returns and the time spent in collection activities warranted injunctive relief).

2  In <u>United States v. Molen</u>, 2003 U.S. Dist. LEXIS 23798 (E.D. Cal. 2003), the court granted

3  preliminary injunctive relief under section 7402(a) after requiring a showing of traditional equitable

4  factors, and stated that:

> Relegating the government to its usual remedies would simply feed into this plan in
> that obstruction would continue not only for past debts owed, but also future ones.
> Each year's levy or assessment would be subject to stall tactics and the like until such
> time, as the United States points out, the monies owed would dwarf any ability to pay
> by defendants.

<u>Molen</u>, 2003 U.S. Dist. LEXIS 23798 at *11.  Here, Defendants' failures cause substantial penalties

to be assessed in addition to the taxes owed, and the liabilities continue to increase with every

quarter.  Plaintiff notes that the most recent liabilities are unknown because Defendants have not

filed returns.  Thus, the IRS must prepare returns years late, without any cooperation from

Defendants.  Plaintiff points out that at this rate, Defendants' failure to file in any given quarter will

be irrelevant to the impossible task of paying the high past due taxes, penalties and interest.

Accordingly, Plaintiff has shown irreparable harm.

### (c)  Balance of hardships

The balance of the hardships tips in favor of Plaintiff.  Defendants have been operating their

business for years without paying employment taxes.  Plaintiff is harmed by the lack of revenue and

the work it takes for the IRS officers to prepare substitute returns and to attempt to collect.   Plaintiff

argues persuasively that without this permanent injunction, all signs indicate that Defendants will

continue to conduct business without filing Forms 940 and 941, or paying deposits to the United

States.

### (d)  Public interest

Granting injunctive relief advances the public interest because the public interest lies in the

collection and recovery of tax obligations.  <u>See</u> <u>Perez v. Ledesma</u>, 401 U.S. 82, 108 (1971) ("Taxes

are the lifeblood of government, and their prompt and certain availability an imperious need.").  This

factor weighs in favor of entering an injunction.

### C.  Conclusion

Under any standard, Plaintiff is entitled to injunctive relief.  The Court recommends entering

a permanent injunction for the period of five years from entry of judgment as requested by Plaintiff that: (A) enjoins China China, and its representatives, partners, agents, servants,  employees, attorneys, and anyone in active concert or participation with them, from failing to pay over to the IRS all employment taxes including FICA and FUTA taxes required by law; (B) requires China China to file employment tax returns with the IRS, or at such other location as the IRS may deem appropriate; (C) requires China China to deposit withheld FICA taxes as well as China China's share of FICA taxes, in an appropriate federal depository bank in accordance with federal deposit regulations; (D) requires China China to deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal regulations; and (E) requires those individuals at China China responsible for carrying out the duties established under parts (C) and (D) to sign and deliver affidavits to the revenue officer, or such other location as the IRS may deem appropriate, on the 1st day of each month, stating that the requisite withheld income, FICA, and unemployment tax deposits were timely made.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: August 30, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge